# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 23, 2011

Lyle W. Cayce
Clerk

No. 10-50979
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

BERNARDINO CALDERA-RAYOS, also known as Miguel Caldera-Rayos,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-1770-1

Before WIENER, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Bernardino Caldera-Rayos (Caldera) pleaded guilty to one count of attempted illegal reentry after deportation and one count of committing a false impersonation in immigration matters. He received a sentence of 46 months in prison, to be followed by a three-year term of supervised release. On appeal, Caldera challenges the substantive reasonableness of his sentence, arguing that his prior drug conviction was "double-counted," as it was used in both his criminal history and as a specific offense characteristic. He maintains that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the applicable Guideline, U.S.S.G. § 2L1.2, was not empirically based, it does not warrant a presumption of reasonableness. Caldera maintains that his sentence was too harsh given the minor nature of an illegal reentry offense, his benign motives for returning to the United States, and his plans for his family to join him in Mexico that should preclude future illegal entries.

We have rejected Caldera's challenges to the lack of empirical data supporting § 2L1.2 and the double counting of his criminal history. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). Additionally, the "international trespass" argument raised by Caldera does not justify disturbing an otherwise presumptively reasonable sentence. *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006) (per curiam).

Caldera's disagreement with the guidelines sentence imposed does not suffice to rebut the presumption of reasonableness. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007); *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008). The district court considered the factors argued by Caldera and found that they did not outweigh other sentencing considerations, which does not constitute "a clear error of judgment" in the court's weighing of the various sentencing factors. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). Consequently, the judgment of the district court is AFFIRMED.